[Cite as *State v. Barlow*, 2021-Ohio-2191.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Craig R. Baldwin, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 20 CA 014 |
| DAKOTA BARLOW | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Criminal appeal from the Holmes County
                            Municipal Court, Case No. 19CRB249

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     June 29, 2021

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

ROBERT K. HENDRIX                   JEFFREY G. KELLOGG
Assistant Prosecutor                5 South Washington Street
164 East Jackson Street             Millersburg, OH 44654
Millersburg, OH 44654

*Gwin, J.,*

{¶1}   Defendant-appellant Dakota Barlow ["Barlow"] appeals the January 7, 2020, Judgment Entry of the Holmes County Municipal Court that overruled his Motion to Suppress.

*Facts and Procedural History*

{¶2}   On January 13, 2019, Sergeant Christopher Schonauer of the Holmes County Sheriff's Department was investigating an incident were several mailboxes had been run over by a vehicle which left the scene. A neighbor informed Sergeant Schonauer that they saw a black pickup truck hit the mailboxes and believed the black truck might have belonged to the Barlow family.

{¶3}   Sergeant Schonauer proceeded to the Barlow residence and turned into the driveway. The Barlow residence is located at the end of a driveway that is approximately 700 feet long. Approximately 200 feet up the driveway on the right-hand side was a large machinery shed, or pole barn. The residence was farther up the driveway by an additional 500 feet. An aerial photo of the Barlow property was admitted into evidence at the suppression hearing. [State's Exhibit 1].  The pole barn had a large garage door opening on both ends, one of which faced the roadway and was visible from the road. To the left of that doorway was a smaller door, which would be classified as a people door or a normal exterior door on a house.

{¶4}   Sergeant Schonauer observed both large garage doors open at the time he pulled in and the people door was also partially opened. The officer observed numerous vehicles parked around the pole barn and individuals inside. It was dark outside, but the

lights were on inside the pole barn. The people and activities going on inside were clearly visible to the officer through the large open door as he approached the pole barn.

{¶5} There was loud music playing in the barn. As the deputy approached the building, he stated that he was looking for Tim Barlow. Nobody appeared to hear him or respond to him as he stepped up to the people doorway and pushed the door open. Sergeant Schonauer then noticed what appeared to him to be a game of Beer Pong and bottles of alcoholic beverages. The majority of the people inside the pole barn did not appear to be old enough to legally consume alcohol. At this point, several people inside the building noticed the officer. Barlow, who was sitting in a vehicle parked inside the building, turned the radio off and stepped out of the vehicle, set a bottle of alcohol on the ground, and approached the deputy. On July 16, 2019, Barlow was charged in the Holmes County Municipal Court with the Offenses Involving Underage Persons in violation of R.C. 4301.69(E)(1), a misdemeanor of the first degree.

{¶6} On October 23, 2019, Barlow, through counsel, filed a Motion to Suppress. The Motion came on for hearing on November 12, 2019. After allowing time for the parties to file memoranda, the trial court overruled the motion on January 7, 2020. The matter eventually came on for a bench trial on June 24, 2020, at which Barlow was found guilty. The Court sentenced Barlow on August 4, 2020 to 15 days in the Holmes County Jail, all suspended, and 6 months of probation.

*Assignment of Error*

{¶7} Barlow raises one Assignment of Error.

{¶8} "I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT/APPELLANT'S MOTION TO SUPPRESS EVIDENCE."

**STANDARD OF APPELLATE REVIEW – MOTION TO SUPPRESS**

{¶9}    Appellate review of a motion to suppress presents a mixed question of law and fact.  *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *See, State v. Dunlap*, 73 Ohio St.3d 308, 314, 652 N.E.2d 988 (1995); *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra; State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist. 1998); *State v. Medcalf*, 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist. 1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. *See Burnside, supra, citing State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist. 1997); *See, generally, United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002); *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review *Ornelas, supra*. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers."  *Ornelas, supra* at 698, 116 S.Ct. at 1663.

*Law and Analysis*

{¶10}  In his sole assignment of error Barlow argues that the act of the deputy in pushing open the exterior doorway and stepping into the pole barn, without consent or a

search warrant was an unreasonable search and seizure because the pole building was part of the home's curtilage.

**ISSUE FOR APPELLATE REVIEW:** *Whether Sergeant Schonauer's pushing open the partially opened door and stepping inside the pole barn violated Barlow's Fourth Amendment rights.*

{¶11} The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures * * *." The Fourth Amendment is enforced against the States by virtue of the due process clause of the Fourteenth Amendment of the United States Constitution. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

{¶12} In the case at bar, Sergeant Schonauer went to the property in an attempt to question Tim Barlow about damaged mailboxes. As he turned into the driveway he noticed the pole barn located 500 feet before the residence. Sergeant Schonauer saw that all of the doors to the pole barn were opened, lights were on, and he could see individuals inside the building. While standing outside the door, Sergeant Schonauer called out several times for Tim Barlow. T. at 9; 15. No one responded and several individuals slipped out the back door. Id.

{¶13} It is beyond dispute that the deputy could lawfully walk upon walkways, driveways, or access routes and porches leading to the residence and pole barn in an attempt to speak with Tim Barlow concerning the damaged mailboxes, just as any other member of the public would or could do. "A presumption of unreasonableness attaches to all warrantless home entries." *State v. Young*, 12th Dist. Warren No. 2014CA-05-074,

2015-Ohio-1347, 31 N.E.3d 178, ¶ 17, *citing Welsh v. Wisconsin*, 466 U.S. 740, 750, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984).  However, "[w]hen law enforcement officers who are not armed with a warrant knock on a door, they do no more than any private citizen might do."  *Kentucky v. King*, 563 U.S. 452, 469, 131 S.Ct. 1849, 179 L.Ed.2d 865 (2011).  A "knock and talk" by law enforcement is a "permissible warrantless intrusion" that does not require "any objective level of suspicion."  *Young* at ¶ 24, *quoting Pritchard v. Hamilton Twp. Bd. of Trustees,* 424 Fed.Appx. 492, 499 (6th Cir. 2011).  Accordingly, no Fourth Amendment violation occurred in this case when the deputy approached the door of the pole barn and knocked in an attempt to speak with Tim Barlow.

{¶14}   The building was not a residence. The pole barn was located 500 feet from the residence. Nothing shielded the building from the driveway.  No fences or other barriers are in place. Cars were parked in proximity to the structure. Two large doors, one on each end of the pole barn, were open and lights were on revealing the identities and activities of all who were inside to any passerby. No attempt was made to shield the persons or activities from anyone who would approach or pass by the structure. People could be seen inside the structure; however, the volume of the music prevented anyone from noticing the deputy. After calling out several times asking if Tim Barlow was inside, Sergeant Schonauer stepped inside the pole barn. The fact that the structure was clearly not a home, with the lights on, people inside, and the doors opened, a member of the public would reasonable believe that he or she could enter the pole barn in an attempt to locate and speak to the property owner.  It was not, therefore, unreasonable for the deputy to believe that Tim Barlow might be inside the pole barn and to enter the pole barn in an attempt to locate and speak with him.

{¶15} Sergeant Schonauer never called out to Dakota Barlow, and he never approached Dakota Barlow.  Barlow, who was sitting in  a vehicle parked inside the building, turned the radio off and stepped out of the vehicle, set a  bottle of alcohol on the ground, and approached the deputy. Thus, the deputy had probable cause to arrest Barlow for underage consumption.

{¶16}  No violation of Barlow's Fourth Amendment rights has been demonstrated. Therefore, we find the trial court correctly denied Barlow's motion to suppress evidence.

{¶17}  The judgment of the Holmes County Municipal Court is affirmed.


By Gwin, J.,

Baldwin, P.J., and

Wise, Earle, J., concur


.